UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:05-cr-527-T-23MAP
            8:10-cv-752-T-23MAP

JAMAIL JAMES HOGAN
_____/

## **O R D E R**

In a motion to vacate under 28 U.S.C. § 2255 Hogan challenged the validity of his conviction for five counts of carrying a firearm that was discharged during a crime of violence, carjacking with serious bodily injury, two robberies and an attempted robbery, and possession of a firearm by a convicted felon, for which Hogan serves 2904 months (242 years). Hogan's motion to vacate was dismissed as time-barred and his arguments for a delayed commencement of the one-year limitation were rejected. (Doc. 3) Both the district court and the circuit court declined issuing a certificate of appealability ("COA"). (Doc. 7 and 10, respectively) In denying a COA the circuit court ruled that Hogan "has not shown extraordinary circumstances warranting equitable tolling." (Doc. 10)

Two years later Hogan moved (Doc. 11) under Rule 60(b), Federal Rules of Civil Procedure, for relief from judgment, in which motion he argued entitlement to equitable tolling because "extraordinary circumstances stood in his way" and caused

his late filing. The Rule 60(b) motion was denied (Doc. 12) and Hogan appealed. (Doc. 13)  Due to an oversight a COA was not considered.  The circuit court remands (Doc. 15) to determine whether a COA should issue.

*Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007), instructs that a district court must determine whether a COA should issue on the appeal of a Rule 60(b) motion.

> [S]ubsequent to the Supreme Court's decision in *Gonzalez [v. Crosby*, 545 U.S. 524 (2005)], we have confirmed that "[i]t is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006) *(quoting Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)).

Hogan is not entitled to a COA. Section 2253(c)(2) permits the issuance of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Hogan must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Hogan's current appeal involves only the denial of his Rule 60(b) motion, which challenges the dismissal (Doc. 2) of his motion to vacate as time-barred, and not the underlying motion to vacate.  Hogan's Rule 60(b) motion impermissibly attempts to circumvent the preclusion against a second or successive motion to

vacate. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), recognizes that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" and that a petitioner cannot use a Rule 60 motion to circumvent the preclusion against a second or successive motion:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction — even claims couched in the language of a true Rule 60(b) motion — circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within an exception to the successive–petition bar. § 2244(b)(3).

Hogan's Rule 60(b) motion asserts entitlement to equitable tolling. Hogan claims (Doc. 11 at 3-4) (emphasis original) that he "was '**prevented** from completing

and filing a timely submitted 2255 motion due to he was being detained in **solitary confinement** at Polk County Sheriff's Office for well over 2 and a half years." The earlier order (Doc. 2), which denied the motion to vacate, rejected Hogan's argument for a delayed start of the limitation. The earlier order also determined that the motion to vacate was untimely even if he was granted the delayed start of the limitation. Nothing prevented Hogan from asserting his equitable tolling argument either in his Section 2255 motion to vacate or on the appeal from the denial of the motion to vacate. *Gonzalez* precludes Hogan's use of Rule 60.

Because he fails to show that reasonable jurists would debate the denial of his Rule 60(b) motion, Hogan cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because he is not entitled to a COA, Hogan is not entitled to appeal *in forma pauperis*.

Accordingly, the notice of appeal (Doc. 13), construed as a request for a certificate of appealability, is **DENIED**.

ORDERED in Tampa, Florida, on December 21, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE